IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IZAAK HARTFIELD, AKA § <br> IZZAK IVAN HARTFIELD, § <br> #02492582, § <br> PLAINTIFF, § <br> § <br> V. § <br> § <br> COURT NO 204TH DALLAS, ET AL., § <br> DEFENDANTS. § | CASE NO. 3:24-CV-2453-L-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the entry of findings and a recommended disposition where appropriate. The Court granted the motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

### I. BACKGROUND

On September 27, 2024, Plaintiff Izaak Hartfield, an inmate in the Texas Department of Criminal Justice (TDCJ), filed a civil rights complaint against the State of Texas and Court No 204th Dallas. Doc. 3 at 1,3. At a minimum, the complaint is inartfully pled. As best the Court can glean, Hartfield challenges the revocation of his probation and adjudication of guilt and his indictment on new charges in the 204th Judicial District Court, Dallas County, Texas. Doc. 3 at 4; *see also* Doc. 3 at 6-10 (copies of indictments and motion to revoke community supervision or proceed with adjudication of guilt). Hartfield requests that his criminal convictions be

overturned and the record expunged. Doc. 3 at 4. He also seeks $3.5 million in damages for false imprisonment. *Id.*

State records available online, of which the Court takes judicial notice, reveal that Hartfield was indicted in Dallas County in cause number F19-60667, for unlawful possession of a firearm by a felon (UPF felon), and in cause number F19-60668, for the state-jail felony of possession of a controlled substance (heroin). In September 2020, pursuant to plea agreements filed in each case, the trial court deferred its findings of guilt upon Hartfield's guilty pleas (deferred adjudication), and placed him on probation/community supervision for five years.[1]

In December 2023, the State moved to revoke community supervision or proceed with adjudications of guilt. On January 30, 2024, the court granted that motion and found Hartfield guilty in both cases and sentenced him to two years' imprisonment in state jail in cause number F19-60667 (the possession of a controlled substance case), and twenty years' imprisonment in TDCJ in cause number F19-60667 (the UPF felon case). Direct appeals are pending. *See Hartfield v. State*, Nos. 05-24-00102-CR & 05-24-00103-CR (Tex. App.—Dallas, Tex.).

In 2023, Hartfield was also indicted for unlawful carrying a weapon, with a felony conviction, in cause numbers Dallas County F23-57081 and F24-00080. In April 2024, however, the charges were dismissed because he had been charged for the same offense in Dallas County cause number F24-00083 and sentenced to five years' imprisonment in TDCJ. Hartfield did not appeal. Online state court records also show that Hartfield was indicted for aggravated assault with a deadly weapon in Dallas County cause number F23-76436, in September 2023. In August 2024, the charge was dismissed because he had been sentenced to 20 years'

---

[1] Docket sheets are available on the Dallas County website at Dallas County | Online Record Search (last accessed on Oct. 2, 2024).

imprisonment in cause number F19-60667, and any additional sentence would not likely result in the total term he is presently serving.

Upon review, the Court concludes that Hartfield's claims are barred by the *Heck v. Humphrey* doctrine. Thus, this action should be dismissed.

## II. ANALYSIS

Because Hartfield is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for the *sua sponte* dismissal of a complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Hartfield's complaint is frivolous.

Hartfield seeks monetary damages for his false imprisonment and subsequent convictions in cause numbers F19-60667, F19-60668, and F24-00083, alleging wrongdoing by Defendants. However, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Hartfield's state convictions under 42 U.S.C. § 1983. "In *Heck*, the Supreme Court held that if

3

a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under §1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87). Put differently, *Heck* bars a judgment that "necessarily impl[ies] the invalidity" of a conviction unless that conviction has been reversed, invalidated, or otherwise set aside. *See Heck*, 512 U.S. at 487.

Here, a ruling in Hartfield's favor on the claims pled would necessarily implicate the validity of his convictions in cause numbers F19-60667, F19-60668, and F24-00083. *Heck*, 512 U.S. at 487. The central theme of Hartfield's complaint is that (1) his probation was wrongfully revoked in cause numbers F19-60667 and F19-60668, and he should not have been adjudicated guilty of those charges, and (2) he was improperly charged and convicted in cause number F24-00083 because that charge was also the basis for his probation revocation. Because he does not allege that his convictions have been reversed, invalidated, or otherwise set aside, his claims are not cognizable under § 1983. The complaint thus lacks any basis in law and should be dismissed with prejudice as frivolous until Hartfield satisfies the conditions set forth in *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous); *Cook v. City of Tyler*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (*Heck*-barred claims should be "dismissed with prejudice to their being asserted again until the Heck conditions are met" (citation omitted)).

Further, if Hartfield intends to request habeas relief—to have his criminal convictions overturned—his claim is not cognizable under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or

duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))). Likewise, to the extent Hartfield seeks to compel Defendants to vacate his state convictions and expunge his record, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

### III.  LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, for the reasons outlined here, Hartfield's claims are fatally infirm. Based on the legal theories and facts Hartfield posits, he cannot, as a matter of law, state a plausible legal claim. Thus, the Court concludes that Hartfield has already pleaded his best case and granting further leave to amend would be futile and cause needless delay.

### IV.  CONCLUSION

For all these reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous unless and until Hartfield satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on October 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).