IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IZAAK HARTFIELD aka** § | |
| **IZAAK IVAN HARTFIELD,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-2453-L-BK** |
| § | |
| **COURT NO 204TH DALLAS,** *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

On October 4, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court dismiss with prejudice this action as frivolous and clearly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Report further recommends that leave to amend not be granted because amendment would be futile and cause needless delay since Plaintiff's claims are fatally infirm. No objections to the Report have been received or docketed as of the date of this order, the deadline for filing objections has expired, and Plaintiff has not sought an extension to file objections or further amend his pleadings.

Having considered Plaintiff's pleadings, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action as frivolous and barred by *Heck v. Humphrey*. Additionally, for the reasons stated by the magistrate judge, and because Plaintiff did not object to the Report or the magistrate judge's recommendation regarding amendment of pleadings, the court agrees with the magistrate judge that Plaintiff has pleaded his best case such that giving him an opportunity to amend would be futile and unnecessarily delay

**Order – Page 1**

the resolution of this litigation.* *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 24th day of October, 2024.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

* The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 2**